UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED BROTHERHOOD OF CARPENTERS ) <br> AND JOINERS OF AMERICA ) <br> 101 Constitution Ave., NW ) <br> Washington, DC 20001 ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> SAVANNAH RIVER REMEDIATION, LLC ) <br> Savannah River Site ) <br> Building 766-H ) <br> Aiken, SC 29808 ) <br> ) <br> Defendant. ) | Case No. |

**COMPLAINT FOR BREACH OF CONTRACT**

**JURISDICTION AND VENUE**

1. This is a civil action to hold Defendant responsible for failing to adhere to the clear terms of contract. This action arises and jurisdiction of the Court as to the claims is founded on Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185(a).

2. Venue is proper with this Court because this is the district in which the parties contractually agreed would govern enforcement of the contract, because it is the location in which the contract to be enforced was rendered, and because Plaintiff maintains its principal office and is a district in which Plaintiff's duly authorized officers or agents are engaged in representing or acting for employee members within the meaning of Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Pursuant to the applicable Plan for the Settlement of Disputes in the Construction Industry, Article VII, Section 2(a) (the "Plan"), "At the election of the party

seeking enforcement, an Arbitrator's decision or a ruling of the Administrator or the JAC may be enforced in the United States District Court for the District of Columbia or any other court which has jurisdiction of the parties.  All parties signatory or stipulated to this agreement consent to the jurisdiction of the United States District Court for the District of Columbia."  All parties to this action have consented to the jurisdiction of this Court.

## PARTIES AND OTHERS

3. Plaintiff United Brotherhood of Carpenters and Joiners of America ("UBC") is a voluntary association and a labor organization as that term is defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5).  The UBC's principal place of business is in Washington, D.C.

4. Defendant Savannah River Remediation LLC ("SRR"), a Delaware corporation, is an employer within the meaning of Section 2(2) of the LMRA, 29 U.S.C. § 152(2), engaged in the construction industry with its principal place of business in Aiken, South Carolina.

5. Non-Party International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers ("IBB") is a voluntary association and a labor organization as that term is defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5).  The IBB's principal place of business is in Kansas City, Kansas.

## OPERATIVE ALLEGATIONS

6. The Savannah River Site (the "Site") is a nuclear reservation near Aiken, South Carolina, adjacent to the Savannah River.  It was built to refine nuclear materials for deployment in nuclear weapons in the 1950s and is owned by the United States Department of Energy.  SRR is the liquid waste contractor at the Site.  Among SRR's tasks is the closure of underground waste tanks.

7. The UBC has performed work at the site since the 1960s relating to pump base

plates and lifting eyes.

8. On January 21, 2016, SRR's construction assistant site superintendent Horace Hutto made jurisdictional assignments as to work at the Site. In an email entitled, "Submersible Pump/Piping Talked About on 1/20/16," Hutto wrote, "The Lifting Bail Round Stock and Lifting Eye and Plate will be Fab'ed by the Millwrights and Installed by the Pipefitters."

9. SRR clearly assigned all work fabricating these plates to the Millwrights, who are represented by the UBC. The Millwrights did the work.

10. Once a jurisdictional assignment has been made, SRR was bound to it and could not change it. Article I, Section 2 of the Plan's Procedural Rules requires, "When a contractor has made an assignment of work, he shall continue the assignment without alteration unless otherwise directed by an arbitrator or there is agreement between the National or International Unions involved."

11. SRR ignored its original assignment and assigned the Millwrights' work to the IBB.

12. For work-site harmony, SRR, UBC, and IBB are all bound to a project labor agreement ("PLA"). A true and correct copy of the PLA is attached as Exhibit 1. The PLA utilizes the Plan. A true and correct copy of the Plan is attached as Exhibit 2.

13. The Plan "provid[es] machinery for the handling of disputes over work assignments without strikes or work stoppages thus stabilizing employment in the industry at the same time increasing both its efficiency and capacity to furnish construction services to the public at reasonable cost." The Plan does not allow a contractor to change its assignment of work to a craft.

14. As SRR, who had reassigned the Millwrights' work to the IBB, was in violation

of both the PLA and the Plan, the UBC sought remedy per the Plan's procedures.

15. The question was one of "original assignment." "The Administrator shall determine all questions of original assignment of work and render decisions regarding same. An appeal of the Administrator's determination of original assignment may be made to an arbitrator in a hearing under the terms and provisions of Article V of the Plan. Notice of the appeal shall be filed with the Administrator within seven (7) days of issuance of the determination. The appeal shall be processed only if the responsible contractor has complied with the Administrator's determination."

16. The Plan's administrator, Richard M. Resnick, determined on February 16, 2017 that SRR improperly changed its original assignment. A true and correct copy of Administrator Resnick's decision is attached hereto as Exhibit 3. The UBC submitted "compelling evidence and arguments to demonstrate that SRR has assigned the work in dispute to the [UBC]." SRR provided no evidence to support its contention that this work was different.

17. As the work in question had been completed, he could not direct SRR to revert to the original assignment. "In the future, however, SRR should assign the work in dispute in accordance with the original assignment of work."

18. Neither SRR nor the IBB appealed Administrator Resnick's determination of original assignment to an arbitrator under the Plan. Thus, this determination of original assignment is binding on both.

19. In June 2017, SRR again chose to ignore its original assignment and continues to ignore it. SRR and the IBB refused to abide by the terms of the PLA, the Plan, and Administrator Resnick's decision. The UBC had no choice but to enforce the decision. Accordingly, the UBC filed suit in this Court—*United Bhd. of Carpenters v. Savannah River*

*Remediation, LLC*, No. 1-17-cv-1286-CKK.

20.     SRR and the IBB (who was a respondent in that suit but not in this suit) settled all claims with the UBC on or about September 21, 2017.  SRR paid the UBC $3000 for back-pay damages, future damages, associated benefit costs, reasonable attorney fees, pre- and post-judgment interest, and cost of litigation.  The Court dismissed the case without prejudice on October 24, 2017.

21.     Almost a year to the day, on October 25, 2018, SRR again decided to ignore Administrator Resnick's decision.  On October 25, 2018, SRR held a jurisdictional meeting as to "Tank 41 Riser B4 Riser Cover and Split Cover."  This was the kind of "future" work covered by Administrator Resnick's decision.  Again, SRR re-assigned the work to the IBB's affiliate instead of to the UBC-affiliated Millwrights.  The work is the same base plate work that SRR had already assigned to the Millwrights and is covered by Administrator Resnik's decision.

22.     The UBC brought this repeat violation to SRR's attention.  SRR, through general construction site superintendent Keith Taylor, acknowledged that Administrator Resnick's February 16, 2017 decision applied but refused to abide by it.  SRR stated that it would not honor the original assignment and would give the work to the IBB.  SRR ignored the Millwrights' reminder that the February 16, 2017 decision clearly applied.

**FIRST CLAIM FOR RELIEF**

**(BREACH OF CONTRACT)**

23.     Paragraphs 1 through 22 are realleged and incorporated herein by reference as if set forth in full.

24.     Both the UBC and SRR agreed to be bound by the Plan and its decisions. Administrator Resnick's original assignment determination draws its essence from the PLA and

the Plan, which the UBC, the IBB, and SRR are bound to. It is based on the language of the PLA and Plan, and the conduct of the parties.

25. Administrator Resnick did not exceed the boundaries of the issues submitted to him. He determined the issue as presented.

26. Administrator Resnick's award is not contrary to public policy and was not procured by fraud.

27. SRR has failed to comply with Administrator Resnick's award and has violated the Plan.

28. SRR's conduct constitutes a breach of the parties' collective bargaining agreement.

29. This Court has the power to remedy the breach and to enforce Administrator Resnick's award pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.

30. Article VII, Section 2 of the Plan states, "Any decision or interpretation rendered by an arbitrator shall be immediately accepted and complied with by all parties subject to this Agreement. If a party fails to accept and comply with a decision or interpretation rendered by an arbitrator or a ruling of the Administrator or the JAC, any party to the dispute may seek court enforcement of the decision or ruling."

31. Article VII, Section 2(a) follows, "At the election of the party seeking enforcement, an Arbitrator's decision or a ruling of the Administrator or the JAC may be enforced in the United States District Court for the District of Columbia or any other court which has jurisdiction of the parties. All parties signatory or stipulated to this agreement consent to the jurisdiction of the United States District Court for the District of Columbia."

32. Article VII, Section 2(c) says, "A party seeking enforcement of an Arbitrator's

6

decision or ruling of the Administrator or JAC due to the failure of another party to abide by the decision or ruling shall be reimbursed by the party failing to abide by the decision or ruling for any attorneys' fees, court costs and expenses incurred."

33. Further Article V, Section 10 of the Plan allows damages on future violations, as noted by Administrator Resnick himself. Accordingly, the UBC is entitled to damages for every hour where SRR has violated the Plan.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

**PRAYER FOR RELIEF**

1. For an order enforcing the Plan, including the Administrator's decision;

2. For judgment against Defendants according to proof;

3. For reasonable attorney fees;

4. For pre- and post-judgment interest;

5. For an injunction prohibiting SRR from further reassigning the Millwrights' work to the Boilermakers; and

6. For costs of this action.

DATE: May 7, 2019

/s/ Daniel M. Shanley
Daniel M. Shanley, Esq.
D.C. Bar No. NY0130
DeCARLO & SHANLEY
A PROFESSIONAL CORPORATION
533 South Fremont Avenue, 9th Floor
Los Angeles, CA 90071
Tel: (213) 488-4100
Fax: (213) 488-4180
Email: dshanley@deconsel.com

Brian F. Quinn, Esq.
D.C. Bar No. 447619
DeCARLO & SHANLEY
A PROFESSIONAL CORPORATION
101 Constitution Ave, N.W.
10th Floor
Washington, D.C. 20001
Tel: (202) 589-1151
Fax: (202) 589-0105
Email: bquinn@deconsel.com