# EXHIBIT 3

# PLAN FOR SETTLEMENT OF JURISDICTIONAL DISPUTES IN THE CONSTRUCTION INDUSTRY
900 7th Street, N.W., Suite 1000, Washington, D.C. 20001
(202) 785-9300
Fax (202) 775-1950

## MULTIPLE DESTINATION FACSIMILE COVER SHEET

February 16, 2017

### PLEASE DELIVER THE FOLLOWING PAGES TO THE PERSON IN YOUR ORGANIZATION LISTED BELOW

| | | |
|---|---|---|
| TO: | Douglas J. McCarron, Gen. Pres., UBCJA | (202) 543-5724 |
| | | (202) 546-9755 |
| | Newton B. Jones, Int'l Pres., Boilermakers | (913) 281-8101 |
| | | (913) 281-8105 |
| | Steve Hutto, Savannah River Remediation, LLC | (803) 208-0918 |
| FROM: | Richard M. Resnick | |
| RE: | SC 1/11/17 | |

THIS TRANSMISSION CONSISTS OF **3** PAGES PLUS A COVER PAGE. IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION, PLEASE CONTACT RICHARD RESNICK OR ASSISTANT VERA FORBES, AT (202) 785-9300. THANK YOU.

# PLAN FOR SETTLEMENT OF JURISDICTIONAL DISPUTES
# IN THE CONSTRUCTION INDUSTRY

900 7th Street, N.W., Suite 1000, Washington, D.C. 20001

(202) 785-9300

Fax (202) 775-1950

February 16, 2017

### VIA FACSIMILE

Newton B. Jones, International President
International Brotherhood of Boilermakers,
 Iron Ship Builders, Blacksmiths, Forgers
 and Helpers
753 State Avenue, Suite 570
Kansas City, Kansas 66101

Douglas J. McCarron, General President
United Brotherhood of Carpenters and Joiners
 of America
101 Constitution Avenue, N.W.
Washington, D.C. 20001

Horace Hutto
Savannah River Remediation LLC
Savannah River Site
Building 766-H
Aiken, SC 29808

Re: SC 1/11/17

Dear Gentlemen:

      The UBCJA has requested an original assignment determination regarding a claim of a change of the original assignment of the fabrication of pump base plate and lifting eyes at the U.S. Department of Energy's Savannah River Site in Aiken, South Carolina. All parties were afforded an opportunity to present a statement of position and supporting documentation.

      The issue before me is not whether the contractor has made the proper assignment, but whether, once having made an assignment, right or wrong, that assignment has been changed. Under the Plan for the Settlement of Jurisdictional



- 1 -

Disputes, once the responsible contractor makes an assignment of work, that assignment may not be changed, even if the responsible contractor is replaced, unless there is agreement between the trades involved or a Plan arbitrator directs a change in assignment.

Initially, it appears that the work on the specific pump base plate and lifting eyes giving rise to this dispute has been completed. Although the work on this specific base plate has been completed, the work that is the subject of this dispute is ongoing and will continue at the Savannah River Site. Given these circumstances, I will continue to process this dispute.

The UBCJA contends that it has been performing the work in dispute at the Savannah River Site since the 1960s. In support, the UBCJA has submitted a January 2016 email from Savannah River Remediation ("SRR"), which states that, for submersible pumps, "Lifting Bail Round Stock and Lifting Eye and Plate will be Fab'ed by Millwrights and installed by Pipefitters." The UBCJA further contends that this assignment is consistent with an agreement between the UA and the UBCJA.

SRR contends that it has not changed the original assignment. It concedes that the work in dispute is often assigned to the UBCJA, but contends that the specific work at issue in this matter is different. SRR contends that it assigned the work in dispute to the Boilermakers in this instance because the base plate served as both a shield and support. SRR contends that in such cases, the work is assigned to a composite crew of Millwrights and Boilermakers. SRR admits, however, that all of the work in this instance was performed by the Boilermakers because, according to SRR, there was only one plate to be built and the portion that would have been assigned to the Millwrights took only thirty minutes to complete. The UBCJA disputes that this base plate was any different than the base plates it has fabricated in the past, and it further disputes that SRR ever made an assignment to a composite crew of Boilermakers and Millwrights.

The UBCJA states that the only work typically performed by the Boilermakers during the process of installing a new base plate is to place a gasket between the pump base and the flange portion. The UBCJA contends, and SRR has not disputed, that this work does not involve any welding or bolting.

Based on the evidence presented, I find that there has been a change of the original assignment. The UBCJA has submitted compelling evidence and arguments to demonstrate that SRR has assigned the work in dispute to the UBCJA, and SRR's January 2016 email confirms this assignment. I am not persuaded by SRR's contention that the work at issue here is distinct from the work assigned to the

UBCJA in the January 2016 email. Although SRR states that this base plate serves as both a support and shield, there is no evidence showing that this function is different from the function played by the base plates typically assigned to the UBCJA. As the specific work in dispute in this matter has been completed, there is no need for me to direct SRR to revert to the original assignment. In the future, however, SRR should assign the work in dispute in accordance with the original assignment of the work.

This is an original assignment determination only. Whether the work was properly assigned to the appropriate craft is a jurisdictional issue that can only be determined by an arbitrator under the Plan. If SRR or the Boilermakers believe that the work should have been assigned to the Boilermakers, the dispute may be submitted to the Plan for resolution of the underlying jurisdictional dispute by a Plan arbitrator.

Sincerely,

Richard M. Resnick
Administrator and Counsel to the Plan